UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FORTUNET, INC. and MILLENIUM GAMES, INC., | |
| Plaintiffs, | 2:04-CV-1448-PMP (PAL) |
| v. | 2:04-CV-0556-PMP (PAL) |
| MELANGE COMPUTER SERVICES and PLANET BINGO, LLC, | O R D E R |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

Presently before this Court is Plaintiffs FortuNet, Inc. and Millenium Games, Inc.'s ("FortuNet") Motion for Reconsideration (Doc. #174), filed on October 19, 2006. Defendant Planet Bingo, LLC ("Planet Bingo") filed Planet Bingo's Opposition to Motion for Reconsideration (Doc. #192) with a supporting declaration (Doc. #193) on November 10, 2006. FortuNet filed a Reply (Doc. #199) on November 27, 2006.

**I. BACKGROUND**

Plaintiff FortuNet claims the legal rights to United States patent number 5,257,784 (the "'784" patent) and United States patent number 4,856,787 (the "'787" patent). On May 3, 2004, FortuNet brought suit in this Court alleging, among other things, that Defendants Planet Bingo and Melange Computer Services, Inc. infringed the '787 patent. (2:04-CV-00556-PMP (PAL), Compl. [Doc. #1].) On October 19, 2004, FortuNet brought a separate action in this Court alleging Defendant Planet Bingo's electronic gaming

devices infringe the '784 patent. (2:04-CV-01448-PMP (PAL), Compl. [Doc. #1].) The Court consolidated these cases with another related case, 2:01-CV-01295-PMP (PAL), on February 29, 2005. (Order [Doc. #11] dated Feb. 29, 2005.) On June 15, 2005, the Court ordered that the present two cases remain consolidated with each other, but removed 2:01-CV-01295-PMP (PAL) from the consolidated proceedings because that case had proceeded to final judgment. (Order [Doc. #13] dated June 15, 2005.)

In 2:04-CV-00556-PMP (PAL), FortuNet moved for summary judgment (Doc. #106) as to Planet Bingo's alleged infringement of the '787 patent. Planet Bingo opposed the motion and cross-moved for summary judgment of non-infringement (Doc. #118). Both motions exclusively discussed whether Planet Bingo's MPBingo infringed the '787 patent. Neither motion mentioned the allegations in FortuNet's Third Amended Complaint that Planet Bingo infringed the '787 patent through play of two other games, Do-it-Yourself and Bonanza Bingo. (See 2:04-CV-00556, Third Am. Compl. [Doc. #14] at ¶¶ 58-64.) The Court entered an Order (Doc. #163) denying FortuNet's motion for summary judgment and granting Planet Bingo's cross-motion. In granting Planet Bingo's cross-motion, the Court dismissed with prejudice count two of the Third Amended Complaint which alleged Planet Bingo infringed the '787 patent. In response to this Order, the Clerk of Court entered Judgment (2:04-CV-01448-PMP (PAL), Doc. #167) in favor of Planet Bingo on count one of its Answer and Counterclaim and entered another Judgment (2:04-CV-00556-PMP (PAL), Doc. #92) dismissing with prejudice count two of FortuNet's Third Amended Complaint.

Plaintiff FortuNet now moves the Court to reconsider its Order (Doc. #163) and Judgments (2:04-CV-01448-PMP (PAL), Doc. #167 & 2:04-CV-00556-PMP (PAL), Doc. #92). FortuNet argues this Court erroneously granted judgment on count two of FortuNet's Third Amended Complaint in 2:04-CV-00556-PMP (PAL) because the Third Amended Complaint alleged Planet Bingo infringed the '787 patent through play of MPBingo, Do-it-

Yourself, and Bonanza Bingo, but the cross-motions for summary judgment dealt only with MPBingo. Accordingly, FortuNet argues the Court should not have dismissed with prejudice count two of its Third Amended Complaint or entered judgment on count one of Planet Bingo's Answer and Counterclaim in 2:04-CV-00556-PMP (PAL).

Planet Bingo responds that the Court's Order and Judgments were proper because FortuNet waived any arguments with respect to Do-it-Yourself and Bonanza Bingo and because FortuNet has no case on the merits with respect to these two allegations. FortuNet responds that it has not waived its claims by filing a motion for summary judgment on only one of its three allegations of infringement. Additionally, FortuNet argues it will prevail on the merits of its infringement claims with respect to Do-it-Yourself and Bonanza Bingo.

**II. DISCUSSION**

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A party must file a motion brought pursuant to Rule 59(e) "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). A party must make a Rule 60(b) motion "within a reasonable time." Fed. R. Civ. P. 60(b).

Reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust. Nunes v. Ashcroft, 375 F.3d 805, 807-08 (9th Cir. 2004). A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled. Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

The Court's prior Order and Judgments were clearly erroneous as they granted summary judgment and entered judgment on FortuNet's second cause of action and Planet Bingo's first counterclaim in their entirety even though the parties moved for summary

1  judgment only as to certain allegations within those claims. FortuNet moved for partial
2  summary judgment for a finding of infringement based on MPBingo. FortuNet's decision
3  to move for summary judgment on only one aspect of its claim does not mean it waived its
4  other allegations. A party is not required to file a motion for summary judgment or else
5  waive its claims or parts thereof. See Fed. R. Civ. P. 56(c) ("A party seeking to recover
6  upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . .
7  move . . . for a summary judgment in the party's favor upon all or any part thereof.").
8  Planet Bingo's cross-motion for summary judgment also referred only to MPBingo and did
9  not seek judgment with respect to Do-it-Yourself or Bonanza Bingo. Because the parties'
10 summary judgment motions requested a ruling only as to FortuNet's allegations regarding
11 MPBingo, the Court's entry of judgment on the entirety of the claims was clearly erroneous.
12    Although the parties briefly argue the merits of FortuNet's allegations regarding
13 Do-it-Yourself and Bonanza Bingo, the present motion is one for reconsideration of the
14 Court's prior Order. This is not a motion for summary judgment on FortuNet's allegations
15 regarding Do-it-Yourself and Bonanza Bingo.
16    The Court therefore will amend its prior Order (Doc. #163) to reflect that
17 summary judgment is granted in favor of Planet Bingo and against FortuNet on count two
18 of FortuNet's Third Amended Complaint and on count one of Planet Bingo's Answer and
19 Counterclaim only with respect to FortuNet's allegations regarding MPBingo.
20 Additionally, the Court will vacate Judgment entered on these two claims.

21 **III. CONCLUSION**

22    IT IS THEREFORE ORDERED that Plaintiffs FortuNet, Inc. and Millenium
23 Games, Inc.'s Motion for Reconsideration (Doc. #174) is hereby GRANTED.
24    IT IS FURTHER ORDERED that the Court's prior Order (Doc. #163) is hereby
25 amended to reflect that summary judgment is granted in favor of Planet Bingo and against
26 FortuNet on count two of FortuNet's Third Amended Complaint (2:04-CV-00556-PMP

4

(PAL), Doc. #14) and on count one of Planet Bingo's Answer and Counterclaim (2:04-CV-01448-PMP (PAL), Doc. #43) only with respect to the allegations in the Third Amended Complaint regarding MPBingo.

IT IS FURTHER ORDERED that Judgment (2:04-CV-01448-PMP (PAL), Doc. #167) is hereby VACATED as to count one of Planet Bingo's Answer and Counterclaim in 2:04-CV-00556-PMP (PAL). The Judgment is not vacated as to any other counts listed therein.

IT IS FURTHER ORDERED that Judgment (2:04-CV-00556-PMP (PAL), Doc. #92) is hereby VACATED as to count two of FortuNet's Third Amended Complaint in 2:04-CV-00556-PMP (PAL). The Judgment is not vacated as to any other counts listed therein.

DATED: December 4, 2006

_____
PHILIP M. PRO
Chief United States District Judge